UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE SWEET CITRUS GROWERS COOPERATIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> VILLA PRODUCE, INC., et.al., <br><br> Defendants. | No. 1:26-cv-02814-KES-SKO <br><br><br> ORDER GRANTING IN PART AND DENYING IN PART TEMPORARY RESTRAINING ORDER <br><br> Doc. 5 |

Plaintiff Bee Sweet Citrus Growers Cooperative, Inc. ("Bee Sweet") moves ex parte for a temporary restraining order seeking injunctive relief to enjoin defendants Villa Produce, Inc. ("Villa Produce") and Jesus Villarreal from dissipating, transferring, encumbering, selling, assigning, or otherwise disposing of assets Bee Sweet contends are subject to a statutory trust imposed by Section 5(c) of the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. § 499e(c) ("PACA").

On April 13, 2026, Bee Sweet filed a complaint in this Court, alleging causes of action for (1) Enforcement of United States Department of Agriculture ("USDA") Reparation Order, pursuant to 7 U.S.C. § 499g(b), against Villa Produce; and (2) Breach of PACA Statutory Trust, pursuant to 7 U.S.C. § 499e(c), against Villa Produce and Jesus Villarreal.  Doc. 2.  On April 20, 2026, Bee Sweet filed an ex parte application for temporary restraining order seeking injunctive

1

relief to prevent the dissipation of trust assets in connection with the sale and delivery of perishable agricultural commodities pursuant to PACA, based on defendants' alleged efforts to close Villa Produce's business and dissipate PACA trust assets.  Doc. 5.

The Court finds that the requirements for issuing a temporary restraining order without notice are met.  *See* Fed. R. Civ. P. 65(b).  Plaintiff attempted to contact defendants by telephone on April 17, 2026, and notified defendants on April 20, 2026, by email and first-class mail to defendants' last known addresses, that they would seek ex parte relief.  *See* Doc. 5-3 at 3.  While defendants have not appeared or filed a response, plaintiff has set out specific facts demonstrating that immediate and irreparable injury, loss, or damage may result before defendants can be heard in opposition.

## I.    BACKGROUND

Between approximately August 25, 2025, and September 20, 2025, Bee Sweet sold and delivered to defendant Villa Produce, lemons, oranges, and grapefruit.  Doc. 5-2 at ¶ 2.  The commodities were shipped from the State of California to the State of Texas.  *Id.*  Bee Sweet represents that the total amount due and owing for these transactions is $46,393.90, exclusive of interest.  *Id.*; *see also* Doc. 2 at 10.  At the time of the sales, both Bee Sweet and Villa Produce held active PACA licenses.  Doc. 5-2 at ¶ 3.  Bee Sweet's invoices to Villa Produce contained the statutory PACA trust language set forth in 7 U.S.C. § 499e(c)(4).  *Id.* at ¶ 4; Doc. 2 at 12–18.  Bee Sweet contends that despite numerous requests and exchanges, defendants failed to make any payment to Bee Sweet for the perishable agricultural commodities as required by PACA.  Doc. 5-2 at ¶ 4.

On or about January 7, 2026, Bee Sweet filed a complaint with the USDA's PACA Division.  *Id.* at ¶ 5.  On March 10, 2026, the Secretary for the USDA issued a reparation order finding that Villa Produce had violated Section 2 of PACA, 7 U.S.C. § 499b, by failing to make full payment for perishable agricultural commodities and awarded Bee Sweet $46,393.90, plus interest.  *Id.*; *see also* Doc. 2 at 8–10.  The thirty-day period for Villa Produce to appeal the reparation order pursuant to 7 U.S.C. § 499g(c) has passed.  Doc. 5-2 at ¶ 5.  Bee Sweet contends that defendants have not made any payment to Bee Sweet pursuant to the reparation order.  *Id.* at

¶ 6. Bee Sweet represents that it has made multiple attempts to contact defendants by telephone, text, and e-mail, and that defendants have not responded to Bee Sweet's communications since December 23, 2025. *Id.* at ¶ 7.

Bee Sweet believes that defendants have closed or are in the process of closing the Villa Produce business and that defendants are dissipating, concealing, or transferring assets subject to the PACA statutory trust—or that such dissipation is imminent—without making provision for payment of Bee Sweet's PACA trust claim. Doc. 5-3 at ¶ 8. On April 15, 2026, counsel for Bee Sweet conducted online searches on three websites for "Villa Produce, Inc."[1] *Id.* at ¶¶ 5–7. A search performed on the online business directory "chamberofcommerce.com" revealed that Villa Produce's status was listed as "permanently closed." *Id.* at ¶ 5. A license search performed on the USDA's website through the "ePACA Portal" revealed that Villa Produce's status was listed as "Terminated–OOB." *Id.* at ¶ 6. Bee Sweet asserts that USDA's definition for that status is "license terminated because customer is out of business." *Id.* A business entity search performed on the California Secretary of State's website revealed that Villa Produce's status was listed as "FTB Suspended," which according to Bee Sweet, means that defendant was in poor standing with the California Franchise Tax Board. *Id.* at ¶ 7. The business entity search also revealed that there was no "Statement of Information" filed for 2026. *Id.*

Bee Sweet contends that the foregoing strongly suggests that defendants are closing Villa Produce and dissipating its assets. *Id.* at ¶ 10.

---

[1] In connection with its ex parte application for temporary restraining order, Bee Sweet requests that the Court take judicial notice of the second and third of these search results, from the USDA's website and the California Secretary of State's website, respectively. Doc. 5-4. Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Public records maintained on government websites are generally subject to judicial notice." *Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 662 (N.D. Cal. 2019). Here, the Court finds that the accuracy of the results of the searches performed can be determined by readily accessible resources whose accuracy cannot reasonably be questioned. Accordingly, the Court takes judicial notice of the search results (Doc. 5-4 at 4, 6–9), *see L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (taking judicial notice of "the results of records searches from the Secretary of State for the State of California corporate search website.").

## II.   LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## III.   ANALYSIS

### A.   <u>Likelihood of Success on the Merits</u>

#### 1.   **Reparation Order Enforcement Claim**

Bee Sweet's first claim is for the enforcement of a reparation award issued by the USDA against Villa Produce. Under PACA, an individual may file suit in federal court for the enforcement of a reparation award issued by the USDA. 7 U.S.C. § 499g(b). Any findings or orders of the Secretary of Agriculture in a reparation award are "prima-facie evidence of the facts therein stated." *Id.*

On March 10, 2026, Bee Sweet obtained a favorable default order from the Secretary of Agriculture. Doc. 2 at 8–10. The Secretary adopted the facts alleged in Bee Sweet's formal

complaint and found that Villa Produce violated 7 U.S.C. § 499b.[2] *Id.* The default order provides the following disposition:

> Within 30 days from the date of this Order, [Villa Produce] shall pay [Bee Sweet] as reparation $46,393.90 with interest at the rate of 18% per annum from October 1, 2025, until the date of this Order, plus interest at the rate of 3.56 % per annum on the amount of $46,393.90 from the date of this Order, until paid, plus the amount of $500.00.

*Id.* at 10. Bee Sweet alleges that Villa Produce has failed to pay any portion of the reparation award or to appeal the default order within the time permitted. Doc. 2 at ¶ 9.

On this record, Bee Sweet is likely to succeed on its reparation order enforcement claim.

### 2.    Breach of PACA Statutory Trust Claim

Bee Sweet's second claim is brought against Villa Produce and Jesus Villarreal to enforce payment under PACA's trust provisions, codified at 7 U.S.C. § 499e(c).

Under PACA's trust provisions, "perishable commodities or proceeds from the sale of those commodities are held in trust by the dealer for the benefit of the unpaid seller until full payment is made." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997) (citing 7 U.S.C. § 499e(c)(2)). "If [an] unpaid person has a PACA license, the licensee [] can preserve its status as a beneficiary of the trust by including specific language in the bill or invoice statement."[3] *Rodriguez v. Old W. Exp., Inc.*, 711 F. Supp. 3d 1182, 1186 (E.D. Cal. 2024) (citing 7 U.S.C. § 499e(c)(4)). District courts have jurisdiction to entertain actions by trust beneficiaries to enforce payment from the trust. 7 U.S.C. § 499e(c)(5).

To recover the proceeds from a PACA trust, a plaintiff must show that: "(1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights" in compliance with 7 U.S.C. § 499e(c).

---

[2] The administrative complaint before the Secretary is not attached to the pleadings in this action, and it is not clear which specific factual findings would be entitled to 7 U.S.C. § 499g(b)'s prima facia evidentiary benefit.

[3] "The bill or invoice statement must [also] include the information required by the last sentence of [7 U.S.C. § 499e(c)](3)": that is, the terms of payment. 7 U.S.C. §§ 499e(c)(3), (4).

5

*Corona Fruits & Veggies, Inc. v. MLC Berries, Inc.*, No. 2:20-CV-02525-SB-JPR, 2020 WL 9422353, at *4 (C.D. Cal. Oct. 20, 2020); *see also Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1162 (9th Cir. 2022) (elements of a PACA claim).

Bee Sweet—whose principal place of business is in California—has attached to its complaint, and describes in sworn declarations submitted with its ex parte application, invoices documenting its sale of lemons, oranges, and grapefruit to Villa Produce.[4]  Docs. 2 at 12–18; 5-3 at ¶¶ 2, 4.  All invoices other than No. 25D37568-A (which lists a shipping address in California) list shipping addresses in Texas.  Doc. 2 at 12–18.  Each invoice contains the language specified in 7 U.S.C. § 499e(c)(4).[5]  *Id.*  Bee Sweet alleges that "Villa Produce, Inc. was a 'commission merchant,' 'dealer,' or 'broker' as those terms are defined in 7 U.S.C. § 499a(b) and was subject to and licensed under the provisions of" PACA.  Doc. 2 at ¶ 11.  Bee Sweet also alleges that it has not received any payment from defendants despite the Secretary of Agriculture's finding that Villa Produce violated 7 U.S.C. § 499b.[6]  Doc. 5-2 at ¶¶ 5, 6.

On this record, Bee Sweet is likely to succeed on its breach of PACA statutory trust claim against Villa Produce.  But, on the present record, Bee Sweet has not shown a likelihood of success with respect to its claim that defendant Jesus Villarreal is liable in his *personal* capacity. The Ninth Circuit has held that "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under" PACA.  *Sunkist*, 104 F.3d 280, 283 (9th Cir. 1997).  Bee Sweet, relying on *Grimmway Enters., Inc. v. PIC Fresh Glob., Inc.*, 548 F. Supp. 2d 840 (E.D. Cal. 2008), contends that Villarreal is personally liable based on his ability to control the trust assets as the sole owner, principal, and shareholder of Villa Produce.  But the

---

[4] "Fresh fruits" are a "perishable agricultural commodity."  7 U.S.C. § 499a(b)(4).

[5] Each invoice also appears to provide as terms of payment "NET 10 DAYS."  Doc. 2 at 12–18.

[6] 7 U.S.C. § 499b(4) prevents any commission merchant, dealer, or broker "from failing to pay in full promptly for any produce they receive in interstate commerce."  *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1162 (9th Cir. 2022); *see also* 7 U.S.C. § 499g(b)(findings and orders of Secretary are prima-facie evidence).

decision in *Grimmway* was based on a summary judgment record, with declarations detailing the individual defendant's "active involvement" in the operation of the business, and where the individual defendant admitted that the purchasing entity "failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims." *Grimmway Enters., Inc. v. PIC Fresh Glob., Inc.*, 548 F. Supp. 2d 840, 848–50. (E.D. Cal. 2008). The declarations Bee Sweet provides in connection with its ex parte application do not clearly identify a breach of fiduciary duty by Villarreal. Bee Sweet's other allegations are made on information and belief or do not have the type of evidentiary support found in *Grimmway*.

For these reasons, Bee Sweet has not established a likelihood of success on its PACA statutory trust claim to the extent it seeks to hold Villarreal liable in his personal capacity.

### B. Irreparable Harm

The prospect of Bee Sweet's statutory trust assets being depleted by Villa Produce constitutes irreparable harm. *Laury v. LoBue*, No. 120CV01463DADSKO, 2021 WL 168317, at *3 (E.D. Cal. Jan. 19, 2021) ("District courts in the Ninth Circuit have regularly found TROs warranted in the PACA context, and routinely conclude that the prospect of statutory trust assets being depleted constitutes irreparable injury.").

### C. Balance of Equities and Public Interest

As to the request for relief against Villa Produce, the balance of equities favors Bee Sweet and the requested injunctive relief is in the public interest. Enjoining Villa Produce from dissipating trust assets merely requires it to comply with the statutory duties PACA imposes. *Chula Brand CA, Corp. v. Martinez*, No. 17CV37-JLS (KSC), 2017 WL 107672, at *3 (S.D. Cal. Jan. 11, 2017); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140 (3d Cir. 2000). In addition, PACA makes clear that it was enacted to safeguard the public interest and to address the burden on commerce created by a buyer that does not pay for produce. 7 U.S.C. § 499e(c)(1)("This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.").

### IV. CONCLUSION

The Court finds that the requirements for issuing an ex parte temporary restraining order

7

are met as to Villa Produce.  Bee Sweet's ex parte application for temporary restraining order, Doc. 5, is GRANTED IN PART AND DENIED IN PART.  The application is denied without prejudice to the extent it seeks injunctive relief to freeze assets or accounts held in a personal capacity by Jesus Villarreal.  The application is otherwise granted.

Villa Produce, Jesus Villarreal in his official capacity as an officer and/or shareholder of Villa Produce, and Villa Produce's officers, directors, shareholders, employees, agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are restrained and prevented from transferring, withdrawing or in any other manner removing trust assets held pursuant to 7 U.S.C. § 499e et seq., and all funds in banking accounts held by or on behalf of Villa Produce.

The Court orders that, pending the hearing and determination of the motion for preliminary injunction, Villa Produce, Jesus Villarreal in his official capacity as an officer and/or shareholder of Villa Produce, and Villa Produce's owners, officers, directors, shareholders, employees, agents, bankers, subsidiaries, successors, assignees, principals, assignors, attorneys, and persons acting in concert with them, shall be restrained and prevented from engaging in, committing, or performing directly and indirectly all of the following acts:

1. Removing, withdrawing, transferring, or assigning to any other person or entity, the proceeds from the sales of any or all prior, existing, or future inventories of food or other business products, and otherwise disposing of assets, accounts, books, or funds belonging to Villa Produce;

2. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Bee Sweet's beneficiary interest in funds or assets held by or on behalf of Villa Produce.

Defendants are ORDERED TO SHOW CAUSE before this Court why a preliminary injunction should not issue pending a final disposition of this matter.  The hearing on the order to show cause will be held on May 8, 2026, at 11:30 a.m. in Courtroom 6.[7]  Defendants shall file

---

[7] Counsel requesting to appear at the hearing by video appearance shall contact the courtroom deputy at least 24 hours prior to the hearing.

any opposition to the issuance of a preliminary injunction by April 30, 2026. Bee Sweet may file a reply by May 5, 2026. The parties may stipulate to extend the briefing schedule and hearing date, provided that this temporary restraining order will remain in effect pending any such continuance. Bee Sweet's counsel is ordered to serve a copy of this order promptly on defendants and to file a proof of service on the docket by April 27, 2026.

The PACA trust assets subject to Bee Sweet's claims serve as sufficient security for this temporary restraining order pursuant to Rule of Civil Procedure 65(c).

Defendants may apply to the Court for modification or dissolution of this Order on two (2) days' notice. Fed. R. Civ. P. 65(b).

The hearing noticed for April 29, 2026 is vacated.

Dated and signed: April 24, 2026, at 4:15 p.m.

IT IS SO ORDERED.

Dated:   April 24, 2026

_____
UNITED STATES DISTRICT JUDGE