UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE SWEET CITRUS GROWERS COOPERATIVE, INC., | No.  1:26-cv-02814-KES-SKO |
| Plaintiff, | |
| v. | ORDER GRANTING LEAVE TO CONDUCT EXPEDITED DISCOVERY |
| VILLA PRODUCE, INC., et.al., | Doc. 11 |
| Defendants. | |

Plaintiff Bee Sweet Citrus Growers Cooperative, Inc. ("Bee Sweet") moves ex parte for leave to conduct expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1), in advance of participating in a Rule 26(f) conference.[1]  Doc. 11.  Specifically, Bee Sweet seeks leave to:

> (1) issue Federal Rule of Civil Procedure 45 subpoenas to financial institutions for limited bank records of Defendant Villa Produce, Inc. ("Villa Produce"); (2) take the deposition of Defendant Jesus Villarreal; (3) take the deposition of Villa Produce pursuant to Federal Rule of Civil Procedure 30(b)(6); and (4) serve Requests for Production of Documents on Defendants.

*Id.* at 1–2.  On May 8, 2026, the Court held a hearing at which Bee Sweet's application for

---

[1] Future motions pertaining to discovery, including expedited discovery, shall be noticed before the assigned magistrate judge in accordance with Local Rule 302(c)(1).  L.R. 302.

1

expedited discovery was considered.  Defendants have not made an appearance in this action, despite having been served with a copy of the Court's order setting the May 8, 2026 hearing, *see* Doc. 9, and having been served with Bee Sweet's discovery motion, *see* Doc. 11-2 at ¶ 6.

For the reasons stated below and at the hearing, Bee Sweet's application for expedited discovery is granted.

Under Federal Rule of Civil Procedure 26(d), formal discovery generally will not commence until after "the parties have conferred as required by Rule 26(f)."  Courts may order expedited discovery before a Rule 26(f) conference upon a showing of good cause.  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Good cause is present when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.*  In determining whether a party has shown good cause for expedited discovery, several factors are to be considered and include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on defendants to comply with the request; and (5) how far in advance of the typical discovery process the request is made."  *Byrd v. Barbieri*, No. 2:25-CV-03091-DC-CKD, 2025 WL 3211801, at *5 (E.D. Cal. Nov. 18, 2025).

In this case, Bee Sweet has shown good cause for its request.  The Court has entered a preliminary injunction preventing the transfer, withdrawal, or removal of trust assets and all funds in banking accounts held by or on behalf of Villa Produce.  That disposition reflects, among other things, a finding that Bee Sweet is likely to succeed on its claim against Villa Produce and that it established a likelihood of irreparable harm based on the risk of dissipation of trust assets.  Bee Sweet's discovery requests are sufficiently tailored to address the purpose of identifying trust assets and limiting the dissipation of assets.  Bee Sweet has been unable to communicate with defendants despite numerous attempts to do so.  The burden on defendants of complying with the discovery requests also appears reasonable based on the present record.

**IT IS ORDERED THAT:**

1.    Bee Sweet having shown good cause, its application for expedited discovery (Doc. 11) is GRANTED.

2.    Bee Sweet may immediately serve a Rule 45 subpoena on the financial institutions whereby corporate defendant Villa Produce, Inc., maintains, or maintained between August 2025 and the present, bank accounts, seeking the following information: (a) account opening documents; (b) monthly statements; and (c) records of any account closures or transfers of funds to other institutions.

3.    Plaintiff may immediately serve a deposition notice of Jesus Villarreal.

4.    Plaintiff may immediately serve a deposition notice of Villa Produce pursuant to Rule 30(b)(6) on the topics of: (i) PACA trust accounting and segregation; (ii) all transfers of Villa Produce assets from August 1, 2025 to the present; (iii) all bank accounts and signatories; (iv) the cessation of operations; and (v) the disposition of all inventories, receivables, and proceeds.

5.    Plaintiff may immediately serve requests for production of documents on both Defendants.  The requests shall be limited to: (i) PACA-related records (invoices, accounts payable to other produce sellers, trust accountings); (ii) bank records and accounting books for the period August 1, 2025 to the present; (iii) records of transfers to insiders or related entities; (iv) corporate records bearing on Villarreal's authority; and (v) records concerning Villa Produce's financial condition and cessation of operations.

6.    Bee Sweet's counsel is ordered to serve a copy of this order promptly on defendants and to file a proof of service on the docket by May 12, 2026.

IT IS SO ORDERED.

Dated:    May 8, 2026

_____
UNITED STATES DISTRICT JUDGE

3