# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BEE SWEET CITRUS GROWERS COOPERATIVE, INC.,

Plaintiff,

v.

VILLA PRODUCE INC., JESUS VILLARREAL,

Defendants.

Case No. 1:26-cv-02814-KES-EGC

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

(Doc. 25)

## I. INTRODUCTION

Plaintiff Bee Sweet Citrus Growers Cooperative, Inc. obtained a Default Judgment by the Clerk of Court on June 8, 2026 against Villa Produce, Inc and Jesus Villarreal (collectively "Defendants"), (Doc. 21). The Default Judgment was entered as to both of Plaintiff's claims for relief: (1) Enforcement of USDA Reparation Order under 7 U.S.C. § 499g(b) and (2) Breach of Perishable Agricultural Commodities Act ("PACA") Statutory Trust under 7 U.S.C. § 499e(c). (*Id.*).

Now before the Court is Plaintiff's Motion for Award of Attorney's Fees. (Doc. 25). For the reasons set forth below, the Court will grant Plaintiffs' motion.

## II. PROCEDURAL HISTORY

On April 13, 2026, Bee Sweet commenced this lawsuit to enforce its rights against Defendants under the PACA. (Doc. 1). Although Defendants were properly served with the summons and complaint, (*see* Docs. 6, 7), they failed to respond to the operative complaint within the time prescribed by the Federal Rules of Civil Procedure.

Plaintiff obtained a temporary restraining order, (Doc. 8), and after a hearing, (Doc. 12), a

preliminary injunction, (Doc. 13), and an order granting leave to conduct expedited discovery, (Doc. 14).

Upon application of Plaintiff, (Doc. 16), default was entered against Defendants on May 22, 2026, (Docs. 17, 18). Plaintiff then filed a motion for default judgment which was granted by the Clerk of Court on June 8, 2026. (Doc. 21). Plaintiff then filed a motion for attorney's fees, (Doc. 25), three days after the deadline as set by Eastern District of California Local Rule 293(a), which is now pending before this Court. Defendants have neither appeared, nor opposed the motion.

## III. DISCUSSION AND ANALYSIS

### A. Excusable Neglect

The Court must first address whether to consider the untimely motion on the merits by evaluating whether the untimely filing was due to excusable neglect under Federal Rule of Civil Procedure 6(b).

Under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (alterations omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 507 U.S. 380, 388, 394 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

In performing this analysis under Rule 6(b), courts consider: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). These factors are "not an exclusive list," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997), and the court must consider "all relevant circumstances," *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that

cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (alteration in original) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

Here the Court finds that the factors weigh in favor of finding excusable neglect. There is no danger of prejudice to the opposing party, which has not appeared or opposed the motion. (*See* Docket). The length of delay, three days, is short and had no impact on the proceedings. The neglect was due to an apparent calendaring error and there is no evidence that the delay was due to bad faith. (*See* Doc. 25, Doc. 25-1 ¶¶ 3–6). Therefore, the Court finds that the delay in filing was due to excusable neglect and will consider the motion for attorney's fees on the merits.

**B. Attorney's Fees**

"As with many other commercial sellers, those who sell perishable agricultural commodities may include contractual provisions for attorneys' fees and interest to account for losses that arise from delay in payment under a contractual credit arrangement." *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1223 (9th Cir. 2002). "A fair reading of [PACA] brings contractually due attorneys' fees and interest within the scope of the statute's protection of 'full payment owing in connection with the [perishable agricultural commodities] transaction.'" *Id.* (quoting 7 U.S.C. § 499e(c)(2)). Here, the invoices state: "Should any action be commenced concerning the sums due hereunder or the rights and duties of any party hereto or the interpretation of this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award of attorney's fees and costs in bringing such action and/or enforcing any judgment granted." (Doc. 2, Ex. B). The Court finds that language sufficient to support a claim for attorney's fees. *See Wahluke Produce, Inc. v. Guerra Mktg. Int'l Inc.*, No. 1:11-cv-1981 LJO–BAM, 2012 WL 1601876, at *6 (E.D. Cal. May 7, 2012); *Sequoia Sales, Inc. v. P.Y. Produce, LLC*, No. CV 10–5757 CW (NJV), 2011 WL 3607242, at *19–21 (N.D. Cal. July 29, 2011) (citing *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701 (2nd Cir. 2007)).

Utilizing the lodestar method, Plaintiff requests $15,595.00 in attorney's fees. (Doc. 25 at 9). Courts in the Ninth Circuit calculate attorney's fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)

(citation omitted).

a. Reasonable Hourly Rates

The reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Shirrod v. Office Workers' Comp. Programs*, 809 F.3d 1082, 1086 (9th Cir. 2015); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The relevant legal community is the forum where the district court sits. *Shirrod*, 809 F.3d at 1086. The fee applicant bears the burden of showing that the requested rates are "in line with those prevailing in the community." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Camacho*, 523 F.3d at 980); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.")

As support for their requested amounts, Plaintiff provided a declaration from Joshua P. Jendian, Esq. who is one of the attorneys of record for Plaintiff. (Doc. 25-1). They request hourly rates between $200 and $450 for attorneys with one to eight years of experience in handling civil matters, and $200 for paralegals with between ten and over thirty years of experience. (Doc. 29)

Upon consideration of the declaration and exhibits submitted by Mr. Jendian, the attorneys' and paralegals' experience, and other rates approved in this District, the undersigned finds that the requested rates are reasonable. *See Kang v. Credit Bureau Connection, Inc.*, No. 1:18-cv-01359-SKO, 2023 WL 6811994, at *12 (E.D. Cal. Oct. 16, 2023) ("[t]he Court has performed a comprehensive survey of attorney fees awarded in the Eastern District and finds current hourly rates range from $200 to $750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years") (collecting cases); *Aldapa v. Fowler Packing Co. Inc.*, No. 1:15-cv-00420-ADA-SAB, 2023 WL 3853482, at *11 (E.D. Cal. June 6, 2023) (finding hourly rates from $225 to $250 for paralegals "fair and reasonable").

b. Hours Reasonably Expended

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metro. Life Ins. Co*., 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records and declaration submitted by Kings River and Kingsburg indicate that their attorneys and paralegal expended 35.4 attorney billable hours and 5.8 paralegal billable hours on this case. (*See* Doc. 25 at 7; 25-1 ¶ 8). Upon review of the declaration and billing records, the Court finds 35.4 attorney billable hours and 5.8 paralegal billable hours to be reasonable and supported in view of the tasks completed, including litigating a successful motion for a preliminary injunction, preparation and appearance for a preliminary injunction hearing, prevailing on a motion for expedited discovery, and prevailing on a motion for a default judgment. (*Id*. ¶ 9).

Based on the foregoing, the undersigned will award Plaintiff their attorney's fees in the amount of $15,595.00.

## IV. CONCLUSION

For the aforementioned reasons, IT IS ORDERED that Plaintiff's motion for attorney fees, (Doc. 25), is GRANTED. Plaintiff is AWARDED $15,595.00 in attorney's fees.

IT IS SO ORDERED.

Dated: **August 4, 2026**

UNITED STATES MAGISTRATE JUDGE